Our next case is 413-0136, Nita v. Spurgeon for the appellant is Hania Sohail. Is that pronounced correctly? Yes, sir. Good guess. Very pleased. Then Appellate Natalie Thompson. Miss Sohail, you may proceed. May it please the court, counsel. Your Honor, again, my name is Hania Sohail. I represent the appellant, Marcia Neda, in this matter. Before I begin, I respectfully request five minutes of rebuttal time. You got it automatically. Your Honor, this case involves a direct appeal from the Sangamon County Circuit Court. They granted Appley's motion for summary judgment, ruling that the drive-aid that was in question was a public right-of-way, second, that the hazard that is involved in this case was open and obvious, and third, that the de minimis rule does apply. The sole issue on appeal today is whether the trial court committed an error in granting Appley's motion for summary judgment when there existed few genuine issue of material facts. Summary judgment is a drastic means of disposing of litigation and should only be granted when depositions, fleeting, admissions, and affidavit, if any, show that there exists no issue of material facts. This appeal consists of a circuit court review of Appley's motion for summary judgment, thus the stand-up review for this reviewing court is de novo. The appellant today argues that the trial court committed an error because it did put forth enough evidence from which it could have been concluded, one, that the drive-in question was not a public right-of-way, but in fact was private property. Second, that the hazard in question was not open and obvious. Third, that the de minimis rule does not apply. And lastly, the appellant argues that based on all the evidence that the appellant put forward, it could have been reasonably inferred that the Appley did owe a duty to the appellant. Before I begin to my argument, I would like to give this court a brief history of facts. On August 23, 2009, the appellant was injured. The appellant was injured when she was walking through her drive-in and going to her mailbox in order to retrieve mail. The record has established that that specific drive-in was the only means of ingress and egress out of the property. Evidence has established that this drive-in was in a condition of disrepair. Evidence has established that from the very beginning, where the appellant leaves the property from the appellee, this drive-in was in the same state, and the appellee assured the appellant that this drive-in will be repaired and will be resurfaced. The evidence taken in lights most favorable to the appellant will show and have shown that at least on five different occasions, the appellant either contacted the appellee or his agent, being his daughter and son who were in charge of managing the property, that this drive-in needs to be resurfaced. Evidence has established that prior to this incident, the appellant was walking on the drive-in. She was walking very carefully, very cautiously. Now again, since the drive-in is in the state of disrepair, the appellant was choosing to walk on the pieces of drive-in that appeared to her in a safe condition. Appellant testified that as she was walking this drive-in, she stepped foot on a piece of asphalt, which at the time, prior to stepping, seemed to be in a safe condition. Appellant testified that right as she put her foot on that piece of asphalt, the piece broke into a huge piece, which was the size of somewhere the appellant had, and shaped like a football. And it was about two to three inch thick. Counsel, let me stop you there. Does the open and obvious analysis apply to the piece of asphalt the plaintiff stepped on, or does it apply to the driveway as a whole? Your Honor, we argue, and it's my position, that it applies to the immediate hazard. It would only apply to the piece of asphalt and not drive as a whole. One of the main issues in this case, Your Honor... Is there a case even remotely close, factually, to substantiate that position, though? Yes, Your Honor. The case in Alcadia, where it... No, I apologize, Your Honor. The case in the Chuckland, where it was... They were considering a black mat, where the mat appeared to be about two to three inch. It was raised up, but since the appellant, or the plaintiff at that time, could not see it, the court ruled that it was not open and obvious. As far as if you're talking about whether you take a piece of property as a whole, or whether you take a part of it, there is no case that I'm aware of, Your Honor. Again, Your Honor, one of the main issues is this driveway was the only means of ingress and egress. Which makes me get into my first argument that the appellant did put forth enough evidence from which it could have been inferred that this piece of driveway, and this driveway as a whole, was not public property. It was private property. This is, again, one driveway, the only means of ingress and egress out of the property. Appley testified that. Appley's daughter testified to the same thing. The appellant testified. There is no other means of getting out of the appellant's home. If the appellant did not have access to this driveway, then the appellant is bound in her home. It has no way of getting out. Illinois law has long held that a private property owner has a duty to provide reasonably safe conditions to the means of ingress and egress. The second district case in Cooley v. Masciff held that the owner of a tavern did owe a duty to a patron who fell on a brick walkway, even though the brick walkway was located adjacent to the tavern and it was owned by the City of LaSalle. But since that was used for the sole purpose of ingress and egress, the owner of the tavern did owe the duty not only to provide and warn patrons against the dangers of this walkway, but also to provide reasonably safe conditions. So the matter is that was a situation regarding a business invitee versus a landlord and tenant, which is what we have here. Correct, Your Honor. But Your Honor, the whole issue is, whether it be business invitee or landlord or tenant, if a piece of property is used for ingress and egress, that is not, can be construed as a public right of way. It's a private property. Another case in McDonnell v. Freightlanes, also a second district case, where the second district held that when a patron falls onto and injures himself after stepping into a piece of hole, the owner of a bowling alley is liable because this street, this parkway, is a means of ingress and egress out of that bowling alley. Your Honor, in this case, one of the arguments that the appellee is making, which is an illogical argument, is that this is a public right of way. The appellee has no control. He cannot exert any control over this piece of property. Your Honor, the deposition of the appellee shows that after this incident, the appellee did change the material structure of the property. He did end up resurfacing that driveway on the same location as well where the appellant fell. There has been, from the very get-go and understanding, between this driveway, when the appellant leased the property from the appellee, the appellee assured that this driveway will be resurfaced. There is, again, evidence in the record that over at least five times, the appellant contacted the appellee or his agents in order to make sure that the property gets repaired. This argument that this private driveway is a public right of way and public property is illogical and has no merit to it, and for that reason, the appellant argues that the appellant did put forth enough evidence from which a prior effect could have inferred that this property was a private right of way, private property. Now, going into my second argument, the appellee argues and the Judge Zappa held that the danger involved was open and obvious. Your Honor, the danger involved was not open and obvious. The appellant testified that she was walking carefully, she was walking cautiously, and she was only using the piece of the property that she knew appeared to her as secure, because there has always been an understanding that this driveway is in a state of disrepair. If the appellee wants to argue that, okay, well, this was all open and obvious, that means, and it's illogical to say, that she does not have a way out of the property. The appellant needs to be… Your Honor, that's assuming that he's required to provide her a way out of the property, because these are different questions entirely. If the driveway is in a state of disrepair and she's walking on it, then why isn't it a matter of being open and obvious? Your Honor, it's not a matter of being open and obvious, again, for the fact that this is the driveway, this is used. Appellant has never told by anyone that she can't use the driveway. There is evidence on the record that even establishes the fact that the appellee's own daughter has walked very cautiously, along with the appellant, when they have gone to retrieve the mail. The appellee himself, when he comes to the property, and I believe he brings water to the property, he would use the spray-seamed driveway in order to get access to the property. This is the only means of access to this property. But the way you're describing it, it is as if those people who use it, be they the appellee or the appellant, know that it's in disrepair. And your client's testimony is that she would zigzag, almost as if she was stepping from stone to stone or place to place. And it was visibly broken up. So yes, we'd like to have a better driveway, but there are two questions. One, doesn't the testimony itself, or the evidence itself at this point, show that it's open and obvious? Perhaps not open and obvious in that very spot where she put her foot, but the general condition. And then second, what's the duty of the landlord here? How long is the driveway? Does the landlord have to replace 100 foot, 200 foot, 300 foot, formally asphalt or formally whatever it was when they put down tar and gravel? So the duty is to provide the means of ingress and egress in a reasonably safe condition. Now what would that reasonably safe condition be? That's a question for trial of fact, not a matter of law. How about the open and obvious? Your Honor, the evidence that has been established so far shows that there were about 30 to 40 broken pieces. And that makes the driveway go in a state of disrepair. But again, you could have walked through the driveway. There has been cars that have gone on the driveway. So again, in appellants, it was not open and obvious. And if it is arguably that it is open and obvious, then there is a disputed question of fact and should be ruled by a prior effect and not be judged as a matter of law. Again, there is evidence where appellant did not see that piece of asphalt being broken until after she stepped foot and until after it broke. It is appellant's position that that specific piece of asphalt broke after she stepped foot on it. Your Honor, we were previously discussing the Buchaklin case where the court held that even though the mat, I believe it was a shower mat or a rug, which was raised two or three inches high, and yet the plaintiff in that case, when she stepped on it and fell, it was not open and obvious because in that case there was a witness who testified that I could not see whether this mat was lifted a few inches. The court says that when you are talking about open and obvious, you are talking about blatantly obvious. So if it is not obvious to the person who is stepping onto it or who is the matter in question, that is not open and obvious. Open and obvious is a standard that should be judged by a reasonable person standard, a reasonable person in appellant or plaintiff's position. In this case, the appellee did not put forth any evidence from which it could testify that this condition was open and obvious. You only have the testimony of the appellant. In fact, actually, there is testimony of the appellee, too, where the daughter is testifying and she is testifying and saying, oh, you know, I live in the country and this is all I have seen ever the driver to be. So, again, the fact that the driver might be in a state of disrepair, that specific case of asphalt that broke underneath the appellant's foot was not open and obvious. Going into my third argument, the appellee argues and Judge Depp have found that the de minimis rule does apply. The de minimis rule does not apply in this case because the appellee did not cite any law stating why it applies. The appellant is not aware of any law saying why it would apply. There is one case, however, there is a case of Al-Qadi where the court held that the plaintiff in that case fell on a piece of concrete. The piece of concrete was raised about three-fourths inches. However, the paint over the concrete gave the plaintiff the illusion that it was all leveled. The court said that since the plaintiff was not aware of any defect, de minimis rule is out. De minimis rule does not apply. In this case, we are not talking about a minor defect. We are talking about this appellant's position that that piece of asphalt didn't even have any defect. The appellant is saying, well, I stepped onto it knowing that this was safe to step onto. And further, what happened is, again, the piece broke down. It was the size of which the appellant stated about the size of her head and two to three inches thick. So, the de minimis rule does not apply. And again, we are not aware of any case law and the appellee did not cite any authority but per se that the de minimis rule would apply. Going into my last argument. My last argument is the appellant did put forth enough evidence from which it could have been inferred that the appellee did owe her a duty. It is established in the evidence that the appellant was a tenant of the appellee. It is established in the evidence that that driveway was the only means of ingress and egress. It is established, at least if you take the evidence and most favorable to the appellant, that the appellant did contact at least five times to have that piece of property repaired. The evidence has established that that's the usual way of having the property maintained and repaired by the appellee. Based on that and based on the fact that this property was the, again, only means of ingress and egress, the landlord, being the appellee, did owe the appellant a duty to provide that means of ingress and egress in a reasonably safe condition. And he abridged that duty when the whole driveway was in a state of disrepair. Your Honor, do you guys have any questions? I don't think so. Thank you, Counsel. Thank you, Your Honor. Okay, Ms. Thompson. Counsel, may it please the Court. Counsel. Thank you. My name is Natalie Thompson and I'm representing the defendant, Marlene Spurgeon. He's actually female, so I wanted to get that straight for everyone. As Counsel said, the plaintiff moved into this home. It's a rural house. The driveway was in a general state of disrepair. That has all been admitted to. The plaintiff testified she was aware that the driveway had broken pieces. She said there were about 30 to 40 broken pieces. She also testified that it would have been clear that the pieces of driveway were breaking apart. So not only were they broken, but they were breaking. The appellant has argued that the open and obvious question is a question of fact rather than a question of law. While open and obvious can be a question of fact, that is only when there is a dispute regarding the physical condition. Here there is not a dispute regarding the physical condition of this driveway. Everyone has testified that this driveway is broken. It's been broken. It keeps breaking. The cases cited to show physical condition are those such as Al-Khwati, which is the 3-4ths of an inch difference, where it gave an illusion. Here there's not an illusion. There's no question that there are broken pieces, that this is a driveway that has been broken with pieces. If the defense is this was an open and obvious danger, why, as Ms. O'Hale has argued, shouldn't that be submitted to the jury? Because open and obvious is a question of law unless there's a dispute regarding the physical condition. So it should be a question of law because there is no dispute regarding the physical condition. She testified over and over about knowing about the state of this driveway. Now, if you want to get specific about this piece of concrete, I would like to ask the court to look at Will Fong, the case that we cited. In that case, the plaintiff had to walk along the ruts at a construction site to get to his job site. Like the plaintiff here, he said that he didn't think that the rut would collapse, just like the plaintiff here said she didn't think that this piece was going to break. The court said the question is not whether or not the rut would collapse, but whether a reasonable person would anticipate the danger of walking on the ruts. The court held that a reasonable person would recognize that walking across the ruts would present a danger of the rut collapsing. The same thing would be true here. A reasonable person... When they spoke about a rut collapsing, what were they talking about? Like when a tire that makes ruts, he had to walk across them, and one of them, it's dirt, and one of them collapsed. When he stepped on it. Right. Same as here. When he stepped on it, it collapsed, and he said he didn't think it was going to collapse. They said he should have seen the danger, and a reasonable person would have expected it could collapse. Just like here, a reasonable person should expect that a piece of this could break. What about the argument that if the driveway was in such terrible condition, so as to constitute an open and obvious danger, that the landlord was under a duty to fix it so it wouldn't be so bad for the tenant? Well, first of all, open and obvious is an exception to a duty. Second of all... Wait a minute. When you say that, counsel, do you mean that should we agree with you on the open and obvious argument, we need not address any of the other issues? Correct. Correct. Okay. But also, the duty of a landlord to a tenant, I know we've gone on and on about this ingress and ingress. The only cases that plaintiffs cited are when a burden was placed on the person in control of the property. That's what this all is going back to. They cite Cooley. Again, that is where the plaintiff fell on a city-owned easement, and the court said the only effective use was for the landlord, tenant, and invitees. The court found that either the landlord and tenant hang from the same branch or they don't hang at all, meaning they're both liable. This is all about invitees. Same with the McDonald case. McDonald said the rules that the occupant or owner owns the duty of care. Here, the plaintiff is the occupant. She's not an invitee. So if the person delivering water didn't have anything to do with the landlord and they drove their truck partway down the driveway and then got out to check on something and fell and broke their ankle on a broken piece of asphalt, who would be sued? Well, plaintiff would probably sue... No, no. Oh. Yes, plaintiff would sue who? Right. Well, I would say they would sue the tenant, the landlord, and then they're also going to sue the Rochester Township, because if you look at the PLATA survey, that's who owns this property. So likely they would sue all three. And then we would get into this again. Wait a minute, counsel. I wanted to mention, I'm a little surprised at the whole business about who owns the property. It seems to me when you file a motion for summary judgment, it's important that all the I's be dotted and T's crossed. And it should be clear without possible dispute that the evidence being presented by the movant supports whatever position you're taking. It seems to me that the evidence regarding who owns this particular piece of road and where the accident occurred on it is lacking. The question is, is it conclusionary terminology in violation of Rule 191A, and also whether or not it's sufficiently clear so that the I can have, based upon the affidavits you've submitted, no doubts at all, which is essentially what you have to demonstrate. That if your claim is it's the township that owns that road where the accident occurred, that I have no doubts based upon these affidavits. And the affidavit submitted here falls short of that mark. Well, I mean, the plaintiff testified she fell between the utility pole and the road. That's only eight and a half feet. The township clearly owns 40 feet up from the road. So I guess I don't understand the confusion. Because it's only eight and a half feet. They own 40 feet. So, I mean, that's a pretty big area there that goes beyond where she says that she fell. So that would be the clarification. I'm sorry if it wasn't clear in the brief or the materials. But that's the point that the affidavit and the plaintiff's survey are both supposed to together show. So as I said, you know, the public right of way issue, that's where the Rochester township comes in because of where this fall occurred. The law is that there's no duty to ensure a safe condition of basically a public sidewalk or parkway, which technically this would be. The Gilmore case out of this district said that basically what they're arguing, they're saying this is a private piece of property. But that isn't true. I mean, it's clear as established by the supply of survey and the affidavit and the plaintiff's testimony that this is owned by Rochester township. What I think they're trying to argue is that because we controlled the property, we had a duty to maintain it, which is what the courts have said that they're citing. The difference here is there has been no control of the property by the defendant or by the landlord. In the Gilmore case, they say an assumption of control must be an affirmative contact that prevents the public from using the property. They also say that appropriation of a right of way doesn't occur merely because a landowner uses the property more than the public at large. That's basically what's going on here. Again, there's a little bit of a discrepancy in the facts here by saying that the landlord was coming on and off the property doing water. That was actually her son. The landlord was never seen on the property by the plaintiff. We've admitted the son and the daughter were the representatives of the landlord as far as maintenance. Any other activities they were doing going on this driveway had nothing to do with the landlord, who is the defendant. She was not on the property. She didn't use the property. She never went on the property. So really there's no control here. Also, the requests to fix, those don't create a duty. Just because you're asking someone to fix something doesn't mean that they have to fix it. In the Gilley case that was cited by the plaintiff, they say, the court in Gilley says that the defendant's duties will not extend beyond those duties in the contract. The lease does not give any sort of repair duties to the landlord. And absent an express covenant, there is no duty on the landlord. So because there was no, there were no provisions regarding maintenance, the general rule should be that the tenant is actually responsible. They have not established either that a promise was made at the time of leasing. They do say that the son of the landlord made a promise that he was going to fix this driveway. Counsel, it seems like you're arguing that plaintiffs, in order to access the property or to leave the property, ingress, egress, must use a driveway that is open and obviously dangerous. To me that seems like it's problematic. Well, I would agree with that somewhat. First of all, this isn't the only means of ingress and egress by foot. She could walk in the yard. So there is that. So by car, yes, maybe that's true. But this isn't an unsafe driveway to be driving on. So I think that that really is an important point also. She could have walked in the yard to get to the mailbox. So it wasn't the only means of ingress and egress by foot. So I think that that's important also. And I think that this whole, you know, the duty is on the tenant versus the landlord is important also. As some of the cases we talked about, the reason that promises are made at the time of leasing, rather at a later time, is because this is all consideration for signing. You know, there's no evidence that she said, oh, if you don't fix this, I'm not moving in and I'm not signing this lease and all of these things. There is nothing stopping the tenant from repairing the driveway also. And most case law shows that the duty is on the tenant to maintain the property they're in control of and the occupant of. And that's the case here. So I really, you know, I know that the plaintiff doesn't have to prove her case, but they do need to show a factual basis under which that they could possibly recover. And I don't think they've done so. The defect was open and obvious. It's just like the Wilfon case. It did break or it allegedly broke when she stepped on it. But that doesn't matter. She knew that the driveway was breaking. She should have reasonably expected that it could break. Further, the duty was on the tenant to repair. There is no evidence that a promise was made at the signing of a lease. What if she had a visitor? The visitor drives in, as you said, this is the driveway used for motor vehicles. Parks, somewhat like the hypothetical Justice Connect gave, in the driveway. Now they're getting out in an open and obvious, dangerous area. No liability there because it's open and obvious  Well, I would agree with that, and I would also say that there's no duty for the landlord, maybe for the tenant. Well, there would be no duty either way. Sure. It's open and obvious, right? Sure. What if there's no place to park other than in the driveway? Well, then, I mean, that's the thing. You can't have a visitor there. True. I guess the difference here is that this isn't where the parking was located. This is down at the bottom of the driveway. Also, I mean, that's not the facts of this case. I understand that, but it seems like to me that the way you are interpreting the open and obvious, dangerous conditions rather narrow, although I'm not suggesting that you're probably not arguing what the case law actually says. Correct, and that is what the case law says. There is actually an exception to the open and obvious, which is deliberate encounter. So I guess if you were an invitee and you had to go somewhere and you had to get out in this, you know, and deliberately encounter the open and obvious, that's not what's been argued here. That hasn't even been brought up until just now. And it doesn't apply because she could have walked in the yard rather than on the driveway. The part about the yard, is that in the record? Is that a question? Yes, there is testimony. I think it's actually by Lisa Kaiser, who is the daughter of the landlord, that you could walk either on the driveway or next to it in the grass. I know the plaintiff said that there was a ditch, but I mean, you can certainly walk through a ditch. Well, I guess you could. That's different than saying you can walk in the yard. I mean, that envisions a flat surface. What you mean is you could walk in the grass adjacent to the driveway. Correct. Subject to whether it was rolling or a ditch or whatever. Correct. And you also can get your mail from your car and use the driveway as a driveway. So I guess that's another option also. But yeah, I think it's clearly open and obvious. In some of these cases that they've cited also, I mean, this is a first-time encounter. The one regarding the height difference in the black mat, he clearly said, I didn't see this difference. Here, we're not having that. We're having someone who's walked on this, they say, multiple times and clearly knew of the danger and knew that it was breaking. Unless there are any other questions. Don't think so. Thank you, Counsel. Ms. Sohail, any rebuttal? Yes, Your Honor. Okay. Your Honor, the counsel correctly focused on three points, open and obvious, the fact that the driveway was, in fact, a public right-of-way, and third, that it should be on the tenant, meaning the appellant, to fix the driveway. Your Honor, if you put all these three arguments together, they are very illogical. At first, the appellant is arguing, well, it is not a private property, it is public right-of-way, yet at the same time, the tenant should go and repair it. Further, they are arguing that it was open and obvious, and again, it's our position, it was not open and obvious. Touching the subject of open and obvious, the appellate counsel stated that, well, you know, it's not a question of fact, it's a question of flaw, because we all knew that this right-of-way was breaking, and the fact that it was breaking, and if it was breaking, that's open and obvious. However, there is a huge dispute where the appellant is testifying, that piece of asphalt where I stepped onto, I did not notice any danger with it. And if it, again, if it continues to be breaking, and if for that reason it's open and obvious, that's a question of fact and not a question of flaw. There is a huge discrepancy on fact, whether it's open and obvious or not. Second, again, if that private property, or if that piece of property is a private property, then why should the tenant go and repair it? Further, if it was public property and not private property, why did, after this incident, the landlord, being the appellee, rent and made changes to the surface of the right-of-way? Why did he fix it if he does not have control and this is public right-of-way? He has control, and that's exactly the reason that he did repair it. One of the other things the counsel was arguing is, well, the lease is silent, and because the lease is silent, the tenant should repair the property. The lease was either drafted by the appellee or drafted at the instruction of the appellee, and Illinois law of long hold that a contract should be construed against the drafter in favor of the draftee. And, again, counsel, in their own words, testified that a lease is a contract. So, Your Honor, again, with all of this, nothing with the issue of open and obvious, with the issue of whether this was a private versus a public right-of-way, there exist a lot of, or a few different issues of material fact, and this case should have been gone in front of a prior fact and should have not been decided as a matter of law. Therefore, Your Honor, for the all-stated reason, we respectfully request this reviewing court to reverse the judgment of Sangamon County Circuit Court and remand this case for further proceedings. Thank you. Thank you, counsel. We'll take this matter to the President. We'll recess for a few moments.